IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK



Michael Argentieri, pro se

        plaintiff,

v.                                                    COMPLAINT

                                                          Jury Trial Requested

                                                          20    CV 806 S

Town of Evans (Municipality);

Town of Evans Supervisor Mary Hosler; Town of Evans

Dir. of Planning & Development and

Agricultural Board Ex-Officio William Smith (Bill);

Town of Evans Councilwoman Jeane Macko; Town of Evans

Councilman & Agricultural Board Liaison Mike Schraft;

Jeneen Hill Code Enforcement & Agricultural Board Ex-Officio,

Vicky Kurek Agricultural Board member,

Individually and in their official capacities.

                            defendants,

I.  Complaint

Plaintiff Michael Argentieri, proceeding pro se, complaint states as follows:

II. Parties, Jurisdiction & Venue

1. Plaintiff Michael Argentieri is the Owner/Operator of Mickey Dogs Doggie Day Care & More, 6775 Erie rd. Derby, N.Y. 14047.

2. Plaintiff Michael Argentieri is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the the town of Derby in the state of New York.

3. Defendant Town of Evans is and was at all relevant times herein a municipal corporation of the state of New York.

The address for this defendant and all of the following defendants is: 8787 Erie rd. Angola , NY 14006

4. Defendant Mary Hosler is and was at all times herein the Supervisor of the Town Evans. As town supervisor Mary Hosler sits on the Town Board, presides over town board meetings and with a vote on all

town matters, she also manages its day to day operations and executes its policies.

5. Defendant William Smith (Bill) is and was at all relevant times herein Director of Planning [Board] & Development making him responsible for the town's planning, and development process, as well as oversight and programs assigned to the Planning & Development departments. And Ex Officio of the Town of Evans Agricultural Board, having all the rights and obligations of the board that he serves on. This includes the right to discuss , debate, make decisions, and vote. It also makes him accountable for the duties of his position as stated in the by-laws.

6. Defendant Jeane Macko was at all relevant times herein a Town of Evans councilwoman with a vote on all town matters.

7. Defendant Mike Schraft was at all relevant times herein a Town of Evans councilman with a vote on all town matters as well as Board Liaison to the Agricultural Board, having all the rights and obligations of the board that he serves on. This includes the right to discuss, debate, make decisions, and vote. It also makes him accountable for the duties of his position as stated in the by-laws.

8. Defendant Jeneen Hill is and was at all times herein, a former Code Enforcement, Town of Evans Accessor, Town Of Evans Agricultural Board ex officio, and Liaison to the Zoning Board. Having all the rights and obligations of the boards that she serves on. This includes the right to discuss, debate, make decisions, and vote. It also makes her accountable for the duties of her position as stated in the by-laws.

9. Defendant Vicky Kurek is a member of the Town of Evans Agricultural Board. As a board member she is a fiduciary charged to steer the organization towards a sustainable future by adopting sound, ethical, and legal governance and financial management policies. Vicky Kurek also co owns [with her husband] and operates "Golden Paws Pet Care Services,LLC (Pet Hotel & Daycare)" of Derby,NY (within the Town of Evans Jurisdiction).

10. This action arises under and is brought pursuant to 42 U.S.C. section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Fourteenth Amendment & the Commerce Clause [Article 1, Section 8, Clause 3] of the U.S. Constitution, and for any other relief that this court deems just and proper. This court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

11. This cause of action arose within the Jurisdiction of the Town of Evans, N.Y. located in the Western District of New York. Therefore venue is proper under 28 U.S.C. Section 1391 (b).

## III. PREVIOUS LAWSUITS BY PLAINTIFF

12. Plaintiff had filed an Article 78 Petition in N.Y. State Supreme Court, Before the Hon. Frank A. Sedita III, on Dec 2,2019, Index number 2019-000129, dealing with the same facts involved in this action. The case was dismissed on March 11,2020, as untimely based upon the statute of limitations [but not upon the actual merits]. As the hearing transcript reflects, there was no ruling on the merits.

## IV. ALL ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

## V. STATEMENT OF CLAIM

13. At all relevant times herein defendants were "persons" for purposes of 42 U.S.C. 1983 and acted under color of law to deprive plaintiff of his Federal Rights.

14. At all relevant times herein, defendants were "persons" for purposes of 42 U.S.C. section 1983 and acted under color of law to deprive plaintiff of his federal rights, as set forth fully below.

15. In December of 2018, I approached the Town of Evans to get information regarding opening my own business called, "Mickey Dogs Doggie Day Care & More" on route 5 in Derby. I was told by the then Director of Planning & Development Roberta Rappoccio that I could be open by February 2019. Unfortunately, as of Jan 1, 2019 that Roberta Rappoccio no longer worked there.

16. I was then told by Planning Clerk Debra Wilson that I needed to be rezoned from Motor Sales (MS) to General Business (GB). So I filed my papers and paid the $500. fee. At that hearing in February 19', I was told that I couldn't be rezoned because there was no code for dog day care or groomers in GB (despite the fact that there were at least 3 dog groomers already operating in GB within the Town of Evans). I was told that a new code ( would later become "Local Law #7 of 2019'") would be created and that I would have to wait. I was also told that there would be no refunds.

17. In March 19', I was then told by Supervisor Mary Hosler that Justin Steinbeck was going to write a new code. About a month later I was told by Supervisor Hosler that the new Dir. of Planning & Development

William Smith was going to write the Code and that I would be able to open in a few months.

18. I then leased the building I had in mind at 6775 Erie rd., on route 5 in Derby on May 1,2019. I paid the first months rent and a security deposit. I began cleaning, painting and ordering supplies. With still no Code written in June, William Smith began telling me that there may be a few restrictions.

19. The restrictions included; I would not be allowed to do overnight boarding; I would not be able to have dogs outside in my yard (except for 10 minutes); and that I could only have 1 dog per every 100 square feet of my building (inter alia). My building is just over 1100 square feet so I would only be allowed to have 11 dogs in my building at any given time.  These restrictions became part of the code on July 17,2019.

20. Smith claimed that 1 dog per every 100 square feet was for the welfare of the dogs, but when I asked him "if its for the welfare of the dogs, why can Golden Paws  pack 35 dogs into a 300-400 square foot building?"  Smith replied, "she's zoned Agriculture so the rules don't apply to her". So much for the welfare of the dogs.

21. When I asked Smith, "Then theres no difference between a chihuahua and a great dane? They both need the same amount of space?", he just starred at me then finally said "I guess so".

22. I also informed Smith that that rule was irrational and that no other town in the county or the state has the rule of "1 dog per every 100 square feet", and once again Smith just starred at me. Most of the time that we talked Smith seemed unsure and out of touch when it came to discussions regarding requirements that the Code would require.

23. On numerous occasions Smith would just blurt out, "there are a lot of towns that don't even allow day care for dogs in GB" as to imply that he was doing me a favor. Of course Smith could never name one town that did not. On another occasion when I told Smith that Hamburg allows day care and boarding in GB, Smith consulted with Hill and then they both claimed that Hamburg did not allow either, but once again they were wrong.

24. Smith always ended our discussions by saying "nothing is set in stone" apparently just to keep me calm, but then never made one change. It was not until the Public Hearing on July 17, 2019, that I realized/ discovered that Vicky Kurek was actually the person in charge of writing the Code. At that point it was too late for changes to be made and at that point I had already put a lot of time and money into my business.

25. Defendants colluded [yes there was collusion] to create a Code [Local Law # 7 2019] that would decrease any legitimate chances of new economic competitiveness in the current pet care market. Defendant Vicky Kurek and her business "Golden Paws", along with "Jamco" K-9 Training center Pet Boarding & Sitting (Angola,NY) [Jamco has business ties with the Town of Evans] and "Creature Comforts"Pet Resort (Angola,NY), the status quo, would be able to maintain an illegal oligopoly.

26. Defendants conspired to create "Local Law #7 of 2019" which allows for "Golden Paws","Jamco" & "Creature Comforts" to corner the market in a predatory & discriminatory manner, that would substantially lessen current and future competition in the dog day care & boarding business, within the Town of Evans jurisdiction.

27. Local Law #7 of 2019 contains numerous absurd & irrational restrictions to any business opening up in the "General Business" zone but those rules and restrictions that are allegedly for the "benefit of the community and for the welfare and safety of the dogs", do not apply in any manner to Golden Paws, Jamco and/or Creature Comforts. Again, allowing the status quo to maintain a monopolization of the market.

28. Defendant Vicky Kurek used her position with the Town of Evans Agricultural Board along with her friendship's and influence to conspire with the defendants (crony capitalism), to create a Law that would not only substantially lessen the competition my business ["Mickey Dogs"] could impose on her own personal business ["Golden Paws"] but to essentially eliminate any chance that there would be any future competition from anyone. Vicky Kurek's actions are steeped in greed.

29.  To gauge just how irrational this Code is , the reputable and national pet chain "Pet Smart" has a location in an Orchard Park General Business zone, that amongst other things, does boarding & day care, would not be allowed to do boarding at all in Evans GB zone and they would have to enlarge their current dog day care room to four times the size, from 400 sq. ft. [where they currently allow up to 17 dogs, depending on the size of the dogs ] to 1700 square feet, based upon "Local Law #7 of 2019".

30. It is clear to any reasonable trier of fact that any involvement from Vicky Kurek in any manner would be a clear conflict of interest. Despite the obvious conflict the other defendants knowingly, willfully and with deliberate indifference, and with malice aforethought, allowed Vicky

Kurek, for all intents and purposes, to create the rules that her competitors would have to follow and that she [Golden Paws], Jamco & Creature Comforts would not have to follow. This despite the obvious direct, substantial and reasonably foreseeable one-sided effects that her involvement would have on the competitive market. This is a clear cut case of restraint of trade and price fixing.

31. Vicky Kurek's motives are clear but without the direct involvement that was allotted to her by the other defendants she would not have been able to create such a one-sided code. Obviously, there was absolutely no legitimate reason that the Agricultural Board should have been involved in any manner in the creation of new law, especially when that law had absolutely nothing to do with Farming and/or livestock, but here ,the defendant allowed it.

## VI. STATEMENT OF FACTS

32. On July 17,2019, at a public hearing held in the Town of Evans and Chaired by the Town of Evans Supervisor Mary Hosler, in part, to vote on and enact Local Law #7 of 2019 (herein the Code). During the open

36. The fact that Supervisor Mary Hosler and William Smith Dir. of Planning & Development made a conscious decision to falsely deny any involvement by the Agricultural Board in sworn affidavits filed in the lower court, should only be accepted as an admission of guilt. There is no other reason why they would perjure themselves like that.

37. Defendant Smith on numerous occasions claimed the he was following Amherst's code, as he claimed "Amherst has the model code for dog day care in NY State". Which is just a ridiculous statement to begin with. First of all Amhearst has a population of over 126,000 people and Evans has a population of under 17,000, so there is no reason to compare the two. Secondly, Brooklyn has a population of over over 2.5 million people, so according to Smith's argument, ergo, every dog day care in Brooklyn should follow Amherst's Code. Finally, if it is true that Amherst has the "Model Code", then why did Smith deliberately alter it, why didn't Smith follow it completely, if it's the "model code"?

38. It's the petitioners position that, the real reason that Smith uses the Amherst code as any sort of a model is because it is the only town in the county that does not allow boarding in GB. Vicky Kurek's Golden Paws charges an absurd rate of up to $90. per night for one dog to be boarded.

My plan for "Bedroom Boarding", a much more playful, dog friendly and supervised environment for the dog would have cost $45 per night. The defendants code not only eliminates competition but more importantly it eliminates the consumers options for a better value.

39. During the public hearing (7/17/19) Councilwoman Jeane Macko read into the record an e mail that she received from Vicky Kurek that opposed the passing of the Code by the town board. This despite the fact that the town of Evans has a policy that anyone who wants to be heard must actually show up and speak for themselves. Jeane Macko made an exception for her friend and colleague Vicky Kurek that she would not do for anyone else.

40. Defendant Councilwoman Jeane Macko knowingly, willfully and with deliberate indifference, and with malice aforethought used her position on the town board, on numerous occasions, to verbally disparage my building and its location before the public, as well as state, "I would never take my 'animal' to a place where it could not go outside", then voted to not allow my [clients] dogs to go outside for more than 10 minutes.

41. At the same hearing, acting as agents under the direction of Vicky Kurek, a Joshua Blust appeared at the public hearing along with his employees [at Happy Paws] to not only oppose the Code but to trash & ridicule my business in public. When I tried to defend my business from Blust's and his associate's false and mis leading statements, despite the one sided diatribe of Blust and his friends, Mary Hosler cut me off and refused to allow me to correct the misinformation.

42. During the process, On July 10,2019, Janeen Hill gave false testimony before the Town Planning Board by stating that the Town of Hamburg does not allow day care or boarding of dogs in General Business. This misinformation mislead the planning board into following the proposed code. Janeen Hill knowingly, willfully and with deliberate indifference and with malice aforethought, manipulated Smith, Hosler and the town planning board.

43. This was a "perfect storm" of crony capitalism. Vicky Kurek had political friends and colleagues on the Town Board, Planning Board, Zoning Board and the Agricultural Board that she serves on, and she used them to protect her business interest at every level at the expense of myself and local consumers. Her political clout allowed her to take control of the writing of Local law #7 of 2019 for her own benefit. Again, as

Supervisor Mary Hosler stated at the public hearing "Did we miss anything that she [Vicky Kurek] wanted".

44. Vicky Kurek used the defendants to get everything that she wanted, and they knowingly, willfully and with deliberate indifference, and with malice aforethought allowed her to write up the Code to her personal benefit.

45. Town of Evans Attorney Kenneth J. Farrell Esq., is conspicuously absent from any conversation or documents regarding the creation of this new law. The fact that the Town of Evans consulted with The Agricultural Board but not an attorney when creating this new law proves both a lack of competence, as well as an admission that the Town of Evans was aware what they were doing was illegal.

46. Accompanied by a letter dated March 16,2020, Town Attorney Kenneth J. Farrell attempted to slip a fraudulent Order [as directed by the Hon. Frank A. Sedita III] past the lower Court and your petitioner that falsely claimed that the lower court dismissed petitioner's claim "…in its entirety" and attempted to leave out any mention of petitioner's Reply, which alleged perjury committed by Mary Hosler and William Smith. An attempt by Keneth J. Farrell Esq., to both commit & suborn perjury.

47. Accompanied by a letter dated March 18,2020, Kenneth J. Farrell once again tried to slip a fraudulent Order past the lower court and your petitioner, by adding petitioner's Reply to the proposed Order but once again falsely claiming that the lower court "Ordered, that petition is hereby denied in its entirety,...".

48. Along with the aforementioned claims of your plaintiff, the fact that Supervisor Mary Hosler filed a deliberately false instrument in the lower Court & William B. Smith Dir. of Planning and Development blatantly lied in two (2) affidavits filed in the lower, yet no defendant named herein has been held to any accountability by the Town Of Evans as a municipality, not only shocks the conscious, it proves; (1) the clear failure of the town to adequately train, supervise and discipline it's employee's; (2) not only evidence of a deliberate cover up by the Town of Evans; (3) but a clear pattern of deliberate indifference by its employees to my constitutional rights. Indicative of a clear pattern, custom & policy of the town of Evans for violating civil rights.

49. On March 20,2020, you're petitioner retained Dean M. Drew as counsel for the sole purpose of protecting petitioner from having a false Court Order filed by Kenneth J. Farrell in the lower Court.

No state shall make or enforce any law that shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law ; nor deny to any person within its jurisdiction the equal protection of the laws.

VII. Prayer for Relief

Plaintiff respectfully requests an Order declaring that the defendants have acted in violation of the United States Constitution.

Plaintiff respectfully requests $50,000. in Compensatory damages, legal fee's, and $450,000. in Punitive damages, and Treble Damages as this Court deems appropriate.

signed this 1st., day of

June 2020

Michael Argentieri, pro se plaintiff

Michael Argentieri, pro se
6775 Erie rd.
Derby, NY 14047
michaelarge21@gmail.com
cell # 917-721-1404

June 25, 2020

United States District Court Clerk
200 US Courthouse
2 Niagara Square
Buffalo, NY 14202

Re: Pro se filling

Dear Sir/Ma'am,

    I would like to file the enclosed as a 42 U.S.C. section 1983 against the Town of Evans et al. Please feel free to contact me if you have any questions. Thank you.

                Yours., etc.,

                Michael Argentieri, pro se

**PRIORITY MAIL**

UNITED STATES POSTAL SERVICE
VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

FROM:
Michael Argentieri
6775 Erie rd
Derby NY 14047

JUN 26 2020
USPS-WDNY
BUFFALO

TO:
US District Court Clerk
200 US Courthouse
2 Niagara Square
Buffalo, NY 14202

Label 228, March 2016
FOR DOMESTIC AND INTERNATIONAL USE

---

Retail

US POSTAGE PAID
$8.70
Origin: 14085
06/25/20
3545550085-10

PRIORITY MAIL 2-DAY®

2 Lb 1.90 Oz
1023

C030

EXPECTED DELIVERY DAY: 06/29/20

SHIP TO:
2 NIAGARA SQ
STE 200
BUFFALO NY 14202-3350

USPS TRACKING® NUMBER

9505 5158 3871 0177 0910 80


PS00000000013


EP14 Oct 2018
OD: 11 5/8 x 15 1/8

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Argentieri, pro se
6775 Erie rd
Derby, NY 14047

**(b)** County of Residence of First Listed Plaintiff: Erie
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Argentieri pro-se
same address listed above

## DEFENDANTS
Town of Evans, Mary Hosler Town supervisor, William Smith Director, Jeanne Macko Councilwoman, Mike Schraft Councilman, Janeen Hill Code, Vick Kurek Ag. Board.

County of Residence of First Listed Defendant: Erie
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Constitutional, Civil Rights, Anti trust and equal protection violations
Brief description of cause:
Town created a law codifying an illegal oligopoly to benefit Town Associate

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 500,000. ~~500,000.~~ Treble damages
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Frank A Sedita III
Filed 12/2/2019
DOCKET NUMBER: 2019-000129

DATE: 6/1/2020
SIGNATURE OF ATTORNEY OF RECORD: [signature] pro se

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE